# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **WILLIAM H. STOREY,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:05-cv-129 |
| **MAC PAPERS, INC.,** | : | |
| Defendant. | : | |

## ORDER

Before the Court are a number of motions filed by Plaintiff William H. Storey ("Storey") and Defendant Mac Papers, Inc. ("Mac Papers"). They include a Motion to Compel Initial Disclosures and Motion for Sanctions (Doc. # 23) filed by Mac Papers, an Emergency Motion to Enlarge Discovery Period or In the Alternative, Motion to Compel Engagement In Discovery: Motion for Sanctions (Doc. # 38) filed by Storey and a Motion for Leave to File a Reply to Plaintiff's Response (Doc. # 39) filed by Mac Papers. These motions, as well as the general state of discovery in this case, came before the Court for a status conference on June 28, 2006. As stated on the record at this hearing, and for the reasons explained below, the Court finds (1) Storey has furnished all of the required disclosures requested by Mac Papers, (2) John Roper ("Roper"), counsel for Storey, must personally pay the $1572.00 in reasonable attorney's fees and costs claimed by Mac Papers as an appropriate sanction for his role in the ongoing discovery dispute, (3) Storey is entitled

1

to a brief extension of the discovery period, and (4) Mac Papers will not be sanctioned.

**I.     BACKGROUND**

Storey filed a Complaint (Doc. # 1) against his former employer Mac Papers on November 18, 2005, alleging unlawful employment actions in violation of the Age Discrimination in Employment Act of 1967 (ADEA) and O.C.G.A. § 34-1-2.[1]  The parties filed their Joint Proposed Scheduling and Discovery Order (Doc. # 22) on February 21, 2006. Thereafter, their discovery disputes began.

On May 25, 2006, Mac Papers filed a Motion to Compel Initial Disclosures (Doc. # 23), in which it moved for entry of an order compelling Storey to provide Initial Disclosures of alleged damages computation and supporting documents as required by Federal Rule of Civil Procedure 26(a)(1)(C).  In its Motion, Mac Papers further requested the Court order Storey to pay Mac Papers' reasonable attorney's fees and costs incurred in bringing the Motion.  Storey filed a Response (Doc. # 26) on May 31, 2006, which suggested complete compliance with all required initial disclosures had already been made.  However, when the Court held a telephone conference on the matter on June 6, 2006, Roper admitted to not filing all of his required initial disclosures and to using an improper format when filing some of the ones which he had submitted.  The Parties were cautioned to comply with the applicable Rules of Federal Civil Procedure and Local Rules, and encouraged to settle future discovery

---

[1] Storey later filed a Stipulation of Dismissal (Doc. # 11) as to this state law claim, which had been characterized as Count Two of his Complaint.  Thereafter, he filed an Amended Complaint (Doc. # 16) that only included the ADEA claim.

2

disputes without involving the Court, if possible.

Thereafter, Storey filed a Response (Doc. # 30) on June 7, 2006, in which he again claimed he had satisfied his outstanding discovery obligations. The Court issued an Order (Doc. # 34) on June 8, 2006, inquiring whether Mac Papers was fully satisfied that Storey's filing had resolved the discovery dispute, whether Mac Papers still wished to pursue its Motion for Sanctions and, if so, for an itemized total of reasonable attorney's fees and costs. Mac Papers responded on June 13, 2006 (Doc. # 35) that Storey still had not provided sufficient information, that it did still wish to pursue its fees and costs and included an itemized list of fees and costs that totaled $1572.00.

On June 14, 2006, the Court issued another Order (Doc. # 36), directing Storey to show cause as to why he should not be required to furnish the additional disclosures requested by Mac Papers and to pay the $1572.00 in fees claimed by Mac Papers. Storey filed a Response to the Court's Show Cause Order (Doc. # 37) on June 18, 2006. Therein, he argued he should not be liable for attorney's fees, averred he had provided substantially all of his required disclosures throughout the case and submitted one additional piece of discovery. Mac Papers filed a Motion for Leave to File a Reply to Plaintiff's Response (Doc. # 39) on June 20, 2006.

On the same day Storey filed his Response to the Court's Show Cause Order, he also filed an "Emergency Motion to Enlarge Discovery Period or In the Alternative, Motion to Compel Engagement In Discovery." (Doc. # 38.) In this Motion, Storey asserted Mac Papers had unilaterally terminated the discovery period seven days early and had refused to

reach any sort of reasonable accommodations for scheduling conflicts. Mac Papers filed a Response to Storey's Motion. (Doc. # 42.) Finally, the Court scheduled the June 28, 2006 status conference to resolve the Parties' ongoing and increasingly contentious discovery disputes.

## II.     ANALYSIS

### A.     Storey's Discovery Obligations

As previously mentioned, both Parties represented to the Court at the June 28, 2006 status conference that Storey had finally complied with all of his discovery obligations. As such, the Court finds no further discovery need be compelled from him. Accordingly, the portion of Mac Papers' Motion to Compel Initial Disclosures and Motion for Sanctions (Doc. # 23) that seeks to compel discovery is dismissed as moot.

### B.     Sanctions Against Storey

Federal Rule of Civil Procedure 37 addresses when sanctions should be awarded for a party's failure to cooperate in discovery. Federal Rule of Civil Procedure 37(a)(4)(A) specifically sets forth that

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Here, the requested disclosures were only provided after Mac Papers filed its Motion to Compel. The Court has provided numerous opportunities for Storey to be heard on the matter of why this discovery was not promptly and properly produced. In support of its Motion for Sanctions, Mac Papers included extensive documentation to demonstrate its unsuccessful efforts to obtain the information in question from Storey without the involvement of the Court. The various excuses Roper, Storey's attorney, has offered the Court for his failure to look after his business and to comply with his discovery obligations do not impress the Court as substantial justification for his nondisclosure.[2] The Court is unaware of any other circumstances that would make an award of expenses unjust—indeed, the totality of the circumstances indicate the opposite.

Again, Federal Rule of Civil Procedure 37(a)(4)(A) requires a court that orders sanctions for misconduct in discovery to determine whether the party and/or his attorney was responsible for the misconduct and assess the sanctions accordingly. Here, there is no indication that Storey, the client, bears any responsibility for the discovery problems discussed in the previous section. To his credit, Roper acknowledged during the June 28, 2006 status conference that if any sanctions were to be assessed, they should be paid by him rather than his by client. Therefore, the Court finds Roper is personally and solely

---

[2] The Court does not deign to address the majority of Roper's arguments, given his admission that portions of his disclosures were tardy, incomplete and filed in an improper format. However, the Court will briefly note that Roper argued, incorrectly, that attorney's fees may not properly be awarded to Mac Papers because its Motion did not comply with the requirements of Local Rule 54.1. Roper is confused on this point. Local Rule 54.1 exclusively addresses the process by which attorney's fees may be awarded for cases where final judgment has been rendered and in which the prevailing party is entitled to attorney's fees. It is inapplicable to the current situation.

responsible to repay all of the $1572.00 in reasonable attorney's fees and costs claimed by Mac Papers. As a result of this ruling, Mac Paper's Motion for Leave to File a Reply to Plaintiff's Response (Doc. # 39) is dismissed as moot.

### C. Mac Papers' Discovery Obligations

In his "Emergency Motion to Enlarge Discovery Period or In the Alternative, Motion to Compel Engagement In Discovery," Storey insists the discovery period should be extended for a brief period of time and Mac Papers should be compelled to participate. The standard for extensions to discovery deadlines is clear in the Eleventh Circuit. As recently summarized,

> When a party seeks an extension of a deadline contained in a scheduling order entered by the Court pursuant to Federal Rule of Civil Procedure 16(b), it must demonstrate good cause for the extension requested. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). "To show good cause, a party must, as a prerequisite to further consideration of the motion, show diligence as to the matter that is the subject of the motion. . ." Wolf Designs, Inc. v. DHR & Co., 231 F.R.D. 430, 436 (N.D. Ga. 2005). Put simply, the good cause requirement contained in Rule 16(b) "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (internal quotation marks and citation omitted). If the party seeking the extension was not diligent, the inquiry need proceed no further. Id.; see also Saewitz v. Lexington Ins. Co., 133 Fed. Appx. 695, 699 (11th Cir. 2005).

Armitage v. Dolphin Plumbing and Mech., 2006 WL 1679360 at * 1 (M.D. Fla. 2006).

Storey has argued that he is entitled to a discovery extension because Mac Papers cut the discovery period short by a week and otherwise refused to accommodate his reasonable discovery request to schedule the depositions of Steve Smith ("Smith") and Hal Tilley ("Tilley"). In its Response, Mac Papers explained that Storey waited until June 14, 2006, six

business days before the end of the discovery period on June 22, 2006, to attempt to schedule his first deposition in this case. Storey did so despite having had nearly six months to schedule these depositions, as the Parties had submitted their Proposed Joint Scheduling Order on February 20, 2006, wherein Storey identified Smith and Tilley as individuals whom he wished to depose. Therefore, given the short notice afforded by Storey and previously scheduled conflicts in Smith and Tilley's schedules, they were unavailable for depositions.

Subsequently, Mac Papers refused to extend the discovery period because it did not believe Storey had given any valid reason for his six month delay. Mac Papers opposes the Court's extension of the discovery period on similar grounds—"[g]iven Plaintiff's lack of diligence, he cannot demonstrate the good cause that Rule 16(b), Fed. R. Civ. P., requires for the extension of a discovery deadline contained in a Rule 16(b) scheduling order." (Id. at 2.) Storey's primary response to these allegations of a lack of due diligence is that there were certain documents in the possession of Mac Papers which he needed to review before he could schedule the two depositions in question that were only disclosed to him a week before he made his deposition requests.

The Court finds that it would be unfair for a client to be penalized at this point in these proceedings for any errors or lack of due diligence on his counsel. The Court will not blame Storey for any potential lack of due diligence on the part of Roper. The interest of justice requires a brief extension of the discovery period, therefore the discovery period will be extended for a sufficient period of time to allow Roper to take the two depositions in question. Mac Papers is ordered to work with Roper, Smith and Tilley to insure this is done

as soon as is reasonably possible. Counsel shall notify the Court of the date of Smith and Tilley's depositions, which will be the new date of the close of discovery. Furthermore, all other prospective filing dates will be extended equally by the amount of time necessary to complete these depositions.

### D.      Sanctions Against Mac Papers

In his aforementioned "Emergency Motion," Storey also requests that the Court sanction Mac Papers for its "misconduct in the premises." (Doc. # 38 at 4.) Mac Papers' response asks the Court to deny Storey's "one line request for sanctions" because "Plaintiff has not issued any notice of taking deposition or propounded any discovery request to which Mac Papers has failed to respond," nor did Mac Papers violate any rule when it declined to the scheduling of depositions under the aforementioned circumstances. (Doc. # 42 at 11-12.) The Court finds the circumstances in this case do not justify Mac Papers being held liable for any discovery-related sanctions. Storey's Motion to this effect is denied.

## III.    CONCLUSION

The Motion to Compel Initial Disclosures and Motion for Sanctions (Doc. # 23) filed by Mac Papers is dismissed as moot in part and granted in part. Based on the Parties' assertions in the June 28, 2006 status conference, the Court is satisfied Storey has now made all appropriate discovery disclosures and no further discovery need be compelled from him. Roper is ordered to personally pay $1572.00 in attorney's fees and costs to Mac Papers. His client is not to be charged any of this amount.

The Emergency Motion to Enlarge Discovery Period or In the Alternative, Motion to

Compel Engagement In Discovery: Motion for Sanctions (Doc. # 38) filed by Storey is granted in part and denied in part.  By Order of this Court, the discovery period in this case will be extended for a sufficient length of time for Roper to depose Smith and Tilley and Mac Papers shall work with Roper and these individuals to see that these depositions are taken as soon as possible.  Counsel shall notify the Court of the date of the depositions, which will be the new date of the close of discovery.  Storey's Motion for Sanctions is denied.

The Motion for Leave to File a Reply to Plaintiff's Response (Doc. # 39) filed by Mac Papers is dismissed as moot.

The Court also orders Roper to file a written statement signed by his client certifying to the Court that Storey has seen a copy of this Order within ten days of the date that the Order is filed.

Finally, the Court suggests Roper pay more attention to moving his client's case along in a reasonable and progressive fashion, and less to what the Court perceives to be a meaningless and self-defeating battle of wits with defense counsel.

**SO ORDERED**, this the 30th day of June, 2006.

                                                                       **s/   Hugh Lawson**
                                                                       **HUGH LAWSON, JUDGE**

pdl